JOURNAL ENTRY and OPINION
Appellant Donald Hosler appeals the judgment of the tria court finding him liable for property damage and awarding appellee Scranton-Averell Inc. $12,500 in damages. Appellant assigns the following error for our review:
 THE JUDGMENT OF THE TRIAL COURT AWARDING PLAINTIFF-APPELLEE THE SUM OF $12,500.00 ON COUNT II OF THE COMPLAINT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE RECORD SHOWS ONLY $450.00 IN DAMAGES ARISING OUT OF THE ALLEGATIONS CONTAINED IN COUNT II.
Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the trial court. The apposite facts follow.
Appellee owns commercial property located on Scranton Road, which has nine buildings. Appellant occupied buildings 2 and 3 of the Scranton Road property through a sublease with a company known as Ferrum Metal and Supply, Inc (Ferrum).[1]
In 1997, Ferrum suffered severe financial set-backs. Ferrum defaulted on its lease agreement and appellee took action to evict Ferrum from the property. On November 14, 1997, the date scheduled for Ferrum to vacate the buildings, appellee found that Bank One, a secured creditor of Ferrum, had placed a lien on Ferrum's equipment and other personal property. When appellant learned of the eviction and the potential to purchase Ferrum's assets, he approached appellee about leasing buildings 1, 2, 3, 4 and 7. Appellee agreed to rent buildings 1, 2, 3, and 4 to appellant for a period of one month at a cost of $100 and provided appellant with access to building 7, pending agreement on a future lease. According to appellee, the purpose of this agreement was to give appellant time to acquire Ferrum's property, and to prevent appellant from being evicted along with Ferrum.
On February 5, 1998, appellant purchased Ferrum's assets located at its Scranton Road site for $18,000. Appellant's bill of sale included Ferrum's telephone and security systems, conference room fixtures, a large silo and various items of office and manufacturing equipment.
Having acquired Ferrum's property, appellant attempted to negotiate a long-term lease agreement with appellee. Although the parties tried for several months, they were unable to reach an agreement regarding which buildings would be leased and under what terms. On May 14, 1998, appellee requested appellant vacate the Scranton Road property by June 14, 1998.
On June 18, 1998, appellee filed an action to evict appellant from the property. In that action appellee alleged appellant took possession of buildings 1, 2, and 3, together with possession of the pad adjacent to building 4; that appellant and appellee failed to agree on the items of a lease; that appellant remains on the property; and that appellant refused to vacate the premises. On June 21, 1998, the parties entered into an agreed judgment, which provided appellee would stay execution on its writ of eviction until August 21, 1998 in exchange for appellants payment of $2,500. Appellant tendered its payment in accordance with the agreed judgment and the case terminated.
In addition to filing an action for eviction on June 18, 1998, appellee filed a two-count complaint against appellant alleging trespass and intentional destruction of property.[2] Count one of the complaint alleged appellant knowingly and without privilege to do so deposited, stored and warehoused personal property, equipment, miscellaneous steel, vehicles, bric a brac and junk materials in buildings 1, 2, 3, 4, 6, 7, 8 and 9 and upon a large concrete pad adjacent to building 4 and elsewhere on land belonging to the appellee. Appellee further alleged appellant failed to comply with its request to remove these items from the property. As a result, appellee alleged it suffered damages for the creation of a legal nuisance, loss of use and enjoyment of its land and buildings, removal and clean-up expenses, and legal expenses in the prosecution of the action in the sum of $25,000.
Incorporating its allegations from count one, Appellee made the following allegations in count two of its complaint:
 7. Defendants as previous tenants in plaintiff's building, number 7, at 1898 Scranton Road, while removing their personal property from the building, intentionally and maliciously cut the railing on the fire escape, removed a large window frame and failed to replace the trim, removed all fixtures in the conference room, removed all of the telephone wires by cutting the same and pulling out the wires behind the walls and destroyed the security system and its components.
 8. Plaintiff says as a result of defendants' intentional acts plaintiff's property was caused to depreciate in value in the sum of Twelve Thousand five Hundred Dollars ($12,500.00).
Additionally, appellee sought to recover attorney fees and court costs. Appellant denied all of appellee's allegations. Additionally, appellant counter-claimed. In count one of his counter claim, appellant alleged an entitlement to the buildings owned by Ferrum based on his purchase of all Ferrum's assets located at the Scranton Road site from Ferrum's secured creditor. In count two of his counter-claim, appellant alleged a cause of action for unjust enrichment in the sum of $15,000 related to his clean-up of 7. Appellee alleged he cleaned the building in reliance on a promise by appellee to lease building 1, 2, 3, 5 and 6 and that appellee later refused to enter a formal lease on those buildings. Appellee denied the allegations contained in appellee's counter-claim and the case proceeded for trial.
The parties agreed to try the case without a jury. The evidence produced by the parties at trial established that appellant did not occupy building 1, rather the building was occupied by another company. With regard to buildings 2 and 3, the evidence established appellant occupied both those buildings; that the garage door openers in the buildings did not work properly; and that it cost appellee $1,500 to repair them; that appellant removed his property from the buildings; and that he left them in broom clean condition. As to building 4, the evidence indicated appellee gave appellant access to building four and the adjacent concrete pad for the purpose of storing equipment and junk left by Ferrum; that appellant, pursuant to his bill of sale from Ferrum's secured creditor, removed assets from the building and adjacent pad, including a silo containing lime; that appellant left a large pile of lime lying exposed on the adjacent pad when he removed the silo; and that appellant left several barrels and open bags of unidentified substances formerly used by Ferrum in and around the building. Appellee presented evidence that it incurred costs of $13,174 in connection with the clean-up and disposal of items in building 4 $400 to move the barrels and lime pile indoors; $12,514 to dispose of the barrels, bags and lime pile; and $260 for the rental of dumpsters used in the clean-up efforts.
With regard to building 7, the evidence established appellant removed items from the building pursuant to his bill of sale from Ferrum's secured creditor including the telephone and security system mentioned in appellee's complaint; that appellant cut the railing on the stairs of the building, removed a utility tub and removed a window to move some of the larger items of property out of the building; and that he failed to repair the same. Appellee presented evidence that it incurred costs of $550 to repair the damage done by appellant $450 to repair the windows, reinstall a utility tub, repair and paint nail holes and install a new door for the first floor shop, and $100 to repair the stair railing.
After hearing from both parties, the trial court issued the following order without opinion:
 As to Count 1 of plaintiff's complaint for trespass, court finds in favor of Defendant Donald Holser that no trespass occurred. As to Count II of plaintiff's complaint for damages, court finds in favor of plaintiff and against defendant Donald Holser in the amount of $12,500. As to Count 1 of defendant Holser's counterclaim, court finds that the cranes in buildings 2 and 3 are trade fixtures, and therefore the property of defendant Hosler. Court finds that the conference table in bldg #7 is the property of defendant Hosler, and he is entitled to that property. Court finds in favor of plaintiff and against defendant as to removal of the buildings 1, 2, 3 and 4, and defendant is not entitled to removal or possession of the buildings. As to Count II of defendant's counterclaim for unjust enrichment, court finds in favor of plaintiff and against defendant Holser.
The court journalized this order on September 28, 1999. It is from this order that appellant appeals. We note appellee chose not to appeal the trial court's judgment finding in favor of appellant on count one of appellee's complaint, and therefore, waives any error with regard to the trial court's decision.
In his sole assignment of error, appellant argues the trial court erred in awarding appellee $12,000 in damages on count two of its complaint alleging intentional and malicious property damage. Appellant argues the record only supports damages of $450 related to count two of appellee's complaint, and thus, the trial court's judgment is against the manifest weight of the evidence.
Where a party to a civil case seeks review based on the manifest weight of the evidence, this court must review the entire record to see if some competent, credible evidence exists to support the trial court's judgment. If some competent, credible evidence, going to each element of the claim exists, we must affirm the trial court's judgment. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273; C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
Here, appellee claimed appellant intentionally and maliciously caused damage to its property, causing the property to depreciate in value by $12,500. The measure of damages for injury to property is the cost to restore the property to its pre-injury condition. See Florea v. Nationwide Mutual Fire Insurance Co. (Jan. 28, 1983), Montgomery App. No. 7908, unreported. Thus, the proper measure of damages in this case is the cost to repair the intentional and malicious damage done by appellant.
Appellee alleged property depreciation of $12,500 in its complaint. It alleged this damage resulted from among other things, appellant's removal of a security system and a telephone system. Evidence presented at trial established that both systems belonged to appellant pursuant to his secured creditor bill of sale. Thus, appellant was entitled to remove those items and appellee was not entitled to be compensated for the loss of those items or any attendant decline in the value of the building associated with the absence of those items. Appellee presented only one bill for damage done to building 7 related to intentional and unprivileged acts by appellant in the sum of $450 and testified to another $100 of damage. The only other evidence of an intentional act done by appellant related to leaving lime from the silo lying open on the pad outside of building 4. Appellee presented evidence that it costs $400 to move the lime indoors.
All other cost evidence presented by appellee related to count one of its complaint and represented costs for clean-up attributable to Ferrum Metal and Supply, Inc. or costs for repairs based on normal wear and tear.
While we conclude appellee presented evidence entitling it to some measure of damage in relation to appellant's intentional acts as alleged in its complaint, we do not find any competent, credible evidence supporting a judgment of $12,500. Accordingly, we reverse the trial court's decision and remand the case for further proceeding to establish damages attributable to appellant on appellee's claim under count two of its complaint.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
Exceptions.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
TERRENCE O'DONNELL, P.J., and JAMES M. PORTER, J., CONCUR.
[1] Ferrum operated a steel coating business and maintained a land lease with appellee for some fourteen years. Overtime, Ferrum constructed or purchased five buildings which are located on the land it leased from appellee. The buildings owned by Ferrum included buildings 1, 2, 3, 4, and 7. According to the terms of Ferrum's land lease agreement, the buildings would become the property of appellee should Ferrum default on the lease or abandon the buildings.
[2] Appellee also named Karen Gilley, former employee of Ferrum, Inc. as a defendant. However, the trial court dismissed all claims against Karen Gilley and she is not a party to this appeal.